# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE LINDSEY AUTIN, | )<br>) |
| Petitioner, | )    2:08-cv-0452-RCJ-PAL<br>) |
| vs. | )    **ORDER**<br>) |
| DWIGHT NEVEN, *et al.*, | )<br>) |
| Respondents. | )<br>/ |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Pending before the Court are respondents' motion to dismiss (Docket #17), petitioner's opposition (Docket #21), and respondents' reply brief (Docket #22). Also pending before the Court is petitioner's motion for counsel. (Docket #16).

**I.    Procedural History**

On September 24, 2003, petitioner was arrested for the robbery of a deli in Las Vegas, which took place on September 15, 2003. (Exhibit 3).[1] On September 24, 2003, the State filed a criminal complaint charging petitioner with one count of burglary while in possession of a firearm, one

---

[1] The exhibits referenced in this order are found in the Court's record, at Docket #18 and #19).

count of first degree kidnapping with the use of a deadly weapon., and one count of robbery with the use of a deadly weapon. (Exhibit 4). On October 3, 2003, the defense filed a substitution of attorneys whereby petitioner retained counsel James L. Buchanan as his attorney of record. (Exhibit 5). The State filed an amended criminal complaint on October 7, 2003, adding one count of conspiracy to commit robbery and four additional counts of robbery with the use of a deadly weapon, for a total of eight counts. (Exhibit 6).

On October 14, 2006, petitioner waived his right to a preliminary hearing. (Exhibit 7). On October 17, 2003, the State filed an information in the district court. (Exhibit 9). On December 5, 2003, the State filed its notice of witnesses and notice of expert witnesses. (Exhibit 10). The defense filed its notice of witnesses and notice of alibi witness on January 2, 2004. (Exhibits 11 and 12).

Petitioner's trial began on January 5, 2003, and concluded on January 9, 2003. (Exhibits 13, 15, 16, and 18). The jury found petitioner guilty on Count 1 – conspiracy to commit robbery; Count 2 – burglary while in possession of a firearm; Count 4 – robbery with the use of a deadly weapon (victim Sabrina Taylor); and Count 8 – robbery with the use of a deadly weapon (victim Bill Bashetta). Petitioner was found not guilty on Counts 3, 5, 6, and 7. (Exhibit 22).

Petitioner filed a notice of appeal with the Nevada Supreme Court on March 1, 2004, before his sentencing. (Exhibit 23). The Nevada Supreme Court dismissed the appeal on March 23, 2004). (Exhibit 24).

Petitioner was sentenced on March 9, 2004, as follows: Count 1 (conspiracy to commit robbery) 24 to 60 months and restitution; Count 2 (burglary while in possession of a firearm) 35-156 months, to run concurrent with Count 1; Count 4 (robbery with the use of a deadly weapon) 35-156 months with an equal and consecutive term for the deadly weapon, to run concurrent with Count 2; Count 8 (robbery with the use of a deadly weapon) 35-156 months, plus an equal and consecutive term for the deadly weapon, to run consecutive to Count 4, with 166 days for time served. (Exhibit 26). The judgment of conviction was filed on March 18, 2004. (Exhibit 27).

Petitioner filed a notice of appeal on April 7, 2004. (Exhibit 28). The fast track statement was filed August 20, 2004. (Exhibit 29). On September 16, 2004, defense counsel filed a motion to withdraw as petitioner's counsel. (Exhibit 31). The Nevada Supreme Court granted the motion to withdraw in an order filed September 22, 2004. (Exhibit 32). The public defender's office was subsequently appointed to represent petitioner. (Exhibits 33-35). Counsel for petitioner filed a supplemental fast track statement on March 7, 2005. (Exhibit 42). Defense counsel filed an amended supplemental fast track statement on August 19, 2005. (Exhibit 50). On September 9, 2005, the Nevada Supreme Court filed its order of affirmance and limited remand. (Exhibit 51). The Nevada Supreme Court remanded the case to the district court to correct a clerical error in the judgment of conviction that stated that petitioner was sentenced pursuant to a guilty plea, to correctly read that he was convicted pursuant to a jury verdict. (Exhibit 51, at p. 7).

Petitioner filed a *pro per* post-conviction habeas petition in state district court on July 11, 2006. (Exhibit 53). Attached to the state petition was a memorandum of points of authorities and exhibits in support of the petition. (Exhibit 53). Following a hearing on September 21, 2006, the district court filed its Findings of Fact, Conclusions of Law, and Order, denying the state petition on December 8, 2006. (Exhibit 56).

On September 29, 2006, petitioner filed a notice of appeal from the denial of his state habeas petition. (Exhibit 57). On October 17, 2006, the public defender's office filed a motion to withdraw as counsel of record.[2] (Exhibit 58). The Nevada Supreme Court ordered the matter to proceed as a *pro per* appeal. (Exhibit 59). On October 3, 2007, the Nevada Supreme Court filed an Order of Limited Remand, stating that the district court did not address all of petitioner's claims, and remanded

---

[2] Petitioner was not represented by the public defender on his state habeas petition. The pleading filed by the public defender stated there had been an error in the minutes and clarified that the office did not represent petitioner in his post-conviction proceedings. (Exhibit 58, at pp. 3-4).

1  the case to the district court to address the missing claims. (Exhibit 60). The district court issued its
2  Amended Findings of Fact, Conclusions of Law, and Order on October 24, 2007. (Exhibit 61).

3  Petitioner filed a second notice of appeal. (Exhibit 62). The Nevada Supreme Court filed
4  its order of affirmance on February 1, 2008. (Exhibit 63). Remittitur issued on February 26, 2008.
5  (Exhibit 64).

6  This Court received petitioner's federal habeas petition on April 8, 2008. (Docket #2,
7  #9). The petition contains the following claims: (1) ineffective assistance of trial counsel, James
8  Buchanan; (2) ineffective assistance of appellate counsel Sharon Dickinson; (3) the court abused its
9  discretion at trial, denying petitioner's Fifth and Fourteenth Amendment rights; (4) prosecutorial
10 misconduct at the preliminary hearing violating petitioner's Fifth and Fourteenth Amendment rights; (5)
11 unreliable identification because they the identifications were unduly and impermissibly prejudicial,
12 denying petitioner's rights under the Fifth and Fourteenth Amendments; (6) insufficiency of the
13 evidence, because the jury, acting reasonably, "could not have been convicted by the certitude of
14 evidence" in violation of the Fifth and Fourteenth Amendments; (7) prejudicial jury venire, because the
15 jury was hostile and prejudiced after a member of the jury was replaced, thereby violating the Fifth and
16 Fourteenth Amendments; (8) unjustified multiplicity due to the State's use of numerous attempts to
17 charge a single offense in several counts, violating the Fifth and Fourteenth Amendments; and (9)
18 cumulative errors that were both substantial and prejudicial violating petitioner's rights under the Fifth
19 and Fourteenth Amendments.

20 Respondents have moved to dismiss the petition, arguing that certain claims have not
21 been exhausted, certain claims fail to state a claim upon which relief can be granted, and that two claims
22 were procedurally defaulted in state court. (Docket #17). Petitioner has moved for the appointment of
23 counsel. (Docket #16).

24
25
26

## II. Discussion

### A. Motion for Appointment of Counsel

Petitioner has filed a motion for the appointment of counsel. (Docket #16). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel is appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is well-written, organized, and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex or difficult. It does not appear that counsel is justified in this instance. The motion shall be denied.

### B. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of

a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture that it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**1. Ground 1**

Respondents argue that Grounds 1(a) and 1(e) of the federal petition were not raised in the Nevada state courts. In his opposition, petitioner concedes that Grounds 1(a) and 1(e) are not exhausted. (Opposition, Docket #21, at p. 3). Petitioner appears to indicate his desire abandon Grounds 1(a) and 1(e), and to proceed on Grounds 1(b), 1(c), 1(d), and 1(f). (*Id.*). Petitioner will be required to clarify his intentions regarding his unexhausted claims, as specified at the conclusion of this order.

**2. Ground 2**

Respondents argue that Grounds 2(d) and 2(e) of the federal petition were not raised in the Nevada state courts. Ground 2(d) of the federal petition alleges that appellate counsel was ineffective for failing to raise the issue on appeal that the trial judge abused her discretion when she allowed the State to convict "on duplicity and multiplicitous counts." Ground 2(e) alleges that appellate counsel was ineffective for failing to raise the issue on appeal that the judge denied his motion for a mistrial. Petitioner raised these issues in the state court as claims of judicial error, not as ineffective assistance of counsel claims. (Exhibit 50, at Ground 6; Exhibit 53, at Ground 8). Because petitioner never presented the claims to the state courts in the context of ineffective assistance of appellate counsel, Grounds 2(d) and 2(e) were not properly exhausted.

**C. Failure to State Cognizable Habeas Claims**

Respondents argue that Grounds 3(b), 3(g), 3(h), and 3(i) fail to state a cognizable claims for federal habeas corpus relief.

In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In Ground 3(b), petitioner alleges that the trial judge abused her discretion "when she became aware that the prosecutor told the detective to get the witnesses to view defendant at a preliminary hearing, convince defendant's attorney to waive the hearing and then hold a physical lineup." (Docket #9). Petitioner has failed to allege that the trial judge took any actions that violated his rights under the United States Constitution. As such, Ground 3(b) fails to state a viable claim for habeas corpus relief.

1    In Ground 3(g), petitioner alleges that the trial court abused its discretion when the judge "sat by and took part in violations of the United States Constitution and the Nevada Constitution" and that the jury's verdict was influenced by improper material. (Docket #9). Petitioner does not specify what the judge did or how she took part in the alleged violations. Petitioner also does not allege what evidence was presented to the jury that was improper. Ground 3(g) fails to state a cognizable habeas corpus claim.

In Ground 3(h), petitioner alleges that the trial judge abused her discretion because she sentenced petitioner and prejudiced him, providing no rational explanation for her decisions, remarks, or statements. (Docket #9). This allegation is conclusory. Petitioner does not explain how the sentencing violated his federal constitutional rights. Ground 3(h) fails to state a viable claim for habeas corpus relief.

In Ground 3(i), petitioner alleges that the trial court abused its discretion because the judge's evidentiary rulings manifest a clear error of judgment. (Docket #9). Petitioner fails to state what evidentiary rules were in error or how they violated his constitutional rights. Ground 3(i) fails to state a viable claim for habeas corpus relief.

**D. Procedural Default**

Respondents argue that Grounds 7 and 9 of the second amended petition were procedurally defaulted in state court.

**1. Procedural Default Principles**

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner,* 328 F.3d at 1046.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Petitioner also must show prejudice to excuse the procedural default. The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

"Cause" to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. at 755; *Murray v. Carrier*, 477 U.S. at 488; *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered

actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

### 2. Grounds 7 and 9 Were Procedurally Defaulted in State Court on Independent and Adequate State Grounds

In Ground 7, petitioner alleges that the jury was hostile and prejudiced after a member of the jury was replaced. In Ground 9, petitioner alleges that he was prejudiced by cumulative errors at trial. Petitioner raised both of these claims in his state habeas petition. (Exhibit 53). However, he did not raise these issues on direct appeal. (Exhibit 29 and 50). The Nevada Supreme Court declined to address either of these two claims because petitioner failed to raise them on direct appeal. (Exhibit 63, at p. 8). Under Nevada law, failure to present direct appeal issues in a direct appeal results in a waiver of those claims. NRS 34.810(1)(b)(2); *Franklin v. State*, 110 Nev. 750, 751 (1994). The Nevada Supreme Court explicitly relied on the procedural bar of NRS 34.810(1)(b) in refusing to address the claims asserted in Grounds 7 and 9. (Exhibit 63, at p. 8, n. 16). The Ninth Circuit has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810(1)(b) – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

In his opposition, petitioner states that his appointed counsel in the public defender's office prevented him from raising the claims. Ineffective assistance of counsel may, in some instances, satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In the instant case, petitioner did not present his argument to the Nevada Supreme Court as cause for his procedural default. Petitioner has failed to demonstrate any objective factor external to the defense prevented him from raising the procedurally defaulted claims. Grounds 7 and 9 of the federal habeas petition were procedurally defaulted in state court on adequate and independent state grounds, and

petitioner has failed to make a showing of cause and prejudice to excuse the procedural default. Grounds 7 and 9 are procedurally barred from consideration by this Court and will be dismissed on that basis.

**III.   Petitioner's Mixed Petition**

This Court has determined that Grounds 1(a), 1(e), 2(d), and 2(e) are unexhausted. A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV.   Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (Docket #16) is **DENIED.**

**IT IS FURTHER ORDERED** respondents' motion to dismiss (Docket #17) is **GRANTED**, as follows:

    **(1) Grounds 1(a), 1(e), 2(d), and 2(e) are unexhausted.**

    **(2) Grounds 3(b), 3(g), 3(h), and 3(i) are DISMISSED WITH PREJUDICE for failure to state cognizable claims for habeas relief.**

    **(3) Grounds 7 and 9 are DISMISSED WITH PREJUDICE as procedurally barred.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED this 2nd day of July, 2009.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE